UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSEN ABRAMYAN and NARINA ZAKHARYAN,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO INSURANCE COMPANY, and Does 1-40, inclusive,<br><br>Defendants. | No. 2:16-cv-01069-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

In bringing the present action, Plaintiffs Arsen Abramyan and Narina Zakharyan ("Plaintiffs") allege that their automobile insurance carrier, Defendant GEICO Insurance Company ("GEICO") wrongfully denied a theft loss claim submitted by Plaintiffs as fraudulent. Plaintiffs' resulting lawsuit, originally filed in state court, asserts five causes of action. Through the Motion to Dismiss now before the Court, GEICO contends that Plaintiffs' claims for unfair competition, in violation of California Insurance Code § 790, and their claim for discrimination in contravention of California Civil Code §§ 51 and 52, fail to state a claim upon which relief can be granted and are therefore subject to

///

///

dismissal under Federal Rule of Civil Procedure 12(b)(6).[1]  As set forth below, that Motion is GRANTED in part and DENIED in part.[2]

## BACKGROUND[3]

According to Plaintiffs' Complaint, they owned a 2011 BMW 335I insured by Defendant GEICO.  On July 20, 2013, that vehicle was stolen from their home.  Plaintiffs reported the theft to GEICO, who performed an investigation.  On or about January 13, 2014, Plaintiffs claim that GEICO wrongfully denied their claim for loss of the vehicle on grounds that they had engaged in fraud.  According to Plaintiffs, that denial was premised on discriminatory animus by GEICO, who targeted them for investigation for fraud on the basis of their national origin as Armenians who previously resided in the former Soviet Union.  Plaintiffs claim that GEICO did this in order to avoid paying claims.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

---

[1] All further references to "Rule" or "Rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Because the Court determined that oral argument would not be of material assistance, this Motion was submitted on the briefs in accordance with Local Rule 230(g).

[3] This section is taken directly, and in some instances verbatim, from the allegations contained in Plaintiffs' Complaint.

47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.   California Insurance Code § 790

GEICO moves to dismiss Plaintiffs' Fourth Cause of Action, for Unfair Competition in violation of California Insurance Code § 790. There, is however, no private cause of action for violations of § 790. King v. Nat'l Gen. Ins. Co., 129 F. Supp. 3d 925, 941 n.10 (N.D. Cal. 2015) (citing Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304 (1988)). Moreover, by a stipulation and order filed July 15, 2016, Plaintiffs agreed not to oppose GEICO's Motion to Dismiss the Fourth Cause of Action, and have not done so. Plaintiffs' claim for violation of § 790 is accordingly dismissed with prejudice.

### B.   California Civil Code §§ 51 and 52

Plaintiffs' Fifth Cause of Action is premised on California's Unruh Civil Rights Act, which, at California Civil Code § 51, prohibits "business establishments of every kind whatsoever" from discriminating on the basis of national origin, among other things. The Fifth Cause of Action also invokes § 52, which provides a private cause of action to seek damages for violations of the Unruh Act.

GEICO moves to dismiss Plaintiffs' Fifth Cause of Action on grounds that it is time barred by the one-year statute of limitations on Unruh actions set forth in Gatto v. County

4

1  of Sonoma, 98 Cal. App. 4th 744, 757-59 (2002), and Mitchell v. Sung, 816 F. Supp.
2  597, 602 (N.D. Cal. 1993).  According to GEICO, because it denied Plaintiffs' claims on
3  January 13, 2014, and Plaintiffs did not file their lawsuit until July 20, 2015—some 18
4  months later—their Unruh Act claims run afoul of the one-year time bar.
5        As recognized by this Court in Hartline v. Nat'l Univ., No. 2:14-cv-0635 KJM AC,
6  2015 WL 4716491 (E.D. Cal. August 7, 2015), however, California's personal injury
7  statute of limitations at California Code of Civil Procedure § 335.1 provides the limitation
8  period for the Unruh Act.  Id. at * 4 ('[T]he Unruh Act and the personal injury statute are
9  both subject to a two-year statute of limitations.").  Gatto and Mitchell, as relied upon by
10 GEICO, were decided prior to January of 2003, when the California Legislature
11 approved § 335.1, which expanded the statute of limitations for personal injury and
12 wrongful death actions to two years.  See Act of Sept. 10, 2002, ch. 448, 2002 Cal.
13 Stats. 2521.  Once the personal injury statute was extended to two years, the time within
14 which an Unruh Action claim could be brought was likewise extended.[4]  Consequently,
15 because the instant lawsuit was filed within two years of GEICO denying Plaintiffs' theft
16 claim on January 13, 2014, the Unruh Act claim is timely and GEICO's motion to dismiss
17 on that basis fails.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[4] The Court recognizes GEICO's reliance on a 2015 decision by another court in this district, Zochlinski v. Regents of the Univ. of California, No. 2:10-cv-1824 KJM-KJN PS, 2015 WL 6744654, at *5 (E.D. Cal. Nov. 4, 2015), continued to apply the one-year statute of limitations in reliance on Gatto.  For the reasons provided, this Court believes that Zochlinksi's decision to enforce that one-year period after the passage of § 335.1 was incorrect.

## CONCLUSION

Based on all the foregoing, Defendant GEICO's Motion to Dismiss (ECF No. 5) is GRANTED, with prejudice, as to Plaintiffs' Fourth Cause of Action but DENIED as to the Fifth Cause of Action.

IT IS SO ORDERED.

Dated:  March 10, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE